UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND L. BANKSTON,

      Petitioner,                      Case No. 09-cv-10223

v.                               District Judge John Corbett O'Meara
                                  Magistrate Judge Virginia M. Morgan

CARMEN PALMER, Warden,

      Respondent.

_____/


**OPINION AND ORDER**
**DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2254(d)**

      Petitioner, a Michigan prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions and sentences for unarmed robbery, Mich. Comp. Laws Ann. § 750.530, and possession of less than 25 grams of heroin, Mich. Comp. Laws Ann. § 333.7403(2)(a)(v). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I.      PROCEDURAL HISTORY

      Petitioner was tried in a bench trial before the Honorable Ulysses W. Boykin in the Third Judicial Circuit Court. Petitioner was sentenced as a third offense habitual offender, pursuant to Mich. Comp. Laws Ann. § 769.11, to prison terms of 6 – 36 years for his unarmed robbery conviction and 1 - 8 years for his possession of heroin conviction.

      Petitioner appealed as of right to the Michigan Court of Appeals, which affirmed his convictions on September 13, 2007, in an unpublished *per curiam* opinion. On January 8, 2008,

the Michigan Supreme Court denied leave to appeal. On January 21, 2009, Petitioner filed the present petition, raising the following issue:[1] APPELLANT CONTENDS THAT THE ROBBERY CONVICTION WAS AGAINST THE GREAT WEIGHT OF THE EVIDENCE.

## II.    FACTS

### A.  Trial Facts

The charges in this case arose out of an incident at a Lowe's Home Improvement store. The facts recited in People v. Bankston, 2007 WL 2684010 (Mich. Ct. App. Sept. 13, 2007), affirming Petitioner's conviction, are sufficient to address the legal issues raised by Petitioner and are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). See Schiro v. Landrigan, 550 U.S. 465 (2007) (holding that factual determinations by state courts are presumed correct and may be rebutted only by clear and convincing evidence). The facts are reproduced here:

> The loss prevention officer of a Lowe's Home Improvement store testified that defendant entered the store and placed a drill in his shopping cart. He went to another aisle where he removed the drill from its box and stuffed it down the front of his pants. Defendant returned to the tool department and placed the empty box back on the shelf. Defendant then left the store with the concealed drill. The loss prevention officer and the store manager went outside to confront defendant. When he tried to run away, they grabbed him and a struggle ensued. During the struggle, defendant head-butted the manager, who sustained a laceration below one eye. The police arrived and eventually subdued defendant. The drill was recovered from defendant's right pants leg. As defendant was being searched, a plastic bag containing 14 folded up lottery tickets fell out of defendant's pants leg. Each of the packets contained a brown powder. The contents of one packet tested positive for heroin.

People v. Bankston, 2007 WL 2684010 (Mich. Ct. App. Sept. 13, 2007).

---

[1] The issue presented in this petition has been fully exhausted in the Michigan state courts, as required by 28 U.S.C. § 2254(b)(1)(A).

## B.  State Court Opinions on Direct Review

The Michigan Court of Appeals held that the evidence was sufficient to sustain Petitioner's robbery conviction. The opinion stated:

> The prosecutor's evidence showed that defendant took a drill and left the store without paying for it, then struggled with store employees in an attempt to escape after leaving the store. He threw his arms and head to try to break free and struck the store manger in the face with the back of his head. Such evidence was sufficient to sustain defendant's robbery conviction and defendant presented no evidence to the contrary. There is nothing to indicate that the verdict was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence. While there were minor discrepancies in the witnesses' testimony, the circumstances were not so exceptional as to warrant a new trial.

People v. Bankston, 2007 WL 2684010 (Mich. Ct. App. Sept. 13, 2007) (citations omitted).

## III.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 governs habeas corpus review by federal courts of state court decisions. Specifically, 28 U.S.C. § 2254(d) requires:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of that claim  - -
> 1) Resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) Resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412 (2000), the United States Supreme Court articulated the standard of review under § 2254(d), holding that a federal court must find a violation of law "clearly established" by holdings, as opposed to dicta, of the Supreme Court.

Clearly established law is defined by the Supreme Court as "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). The Court in Williams further held that a state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Additionally, the Court in Williams held that the "unreasonable application" clause requires an objective test of reasonableness and that

> an unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s 'unreasonable application clause', then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

## IV. ANALYSIS

Petitioner claims that he is entitled to habeas relief because the verdict was against the great weight of the evidence. However, a federal court does not have the power to grant habeas relief on this basis. See Dell v. Straub, 194 F.Supp.2d. 629 (E.D. Mich. 2002); Cukaj v. Warren, 305 F.Supp.2d. 789 (E.D. Mich. 2004). This is because a great weight of the evidence claim "is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised." Dell, 194 F.Supp.2d. at 648. Thus, the proper inquiry for habeas relief is whether there is any evidence to support the conviction.

Construing Petitioner's claim as one challenging the sufficiency of the evidence, it still fails. A federal court's review of a sufficiency of the evidence claim is governed by the Supreme

Court's holding in <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), requiring a federal court to inquire "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In this review, the federal court must determine whether the state court's application of the Jackson standard was reasonable. <u>Malcum v. Burt</u>, 276 F.Supp.2d. 664, 683 (E.D. Mich. 2003).

The state court's application of the <u>Jackson</u> standard was reasonable in the instant case. The Michigan Court of Appeals, in upholding Petitioner's conviction, held that the prosecution's evidence showing that the defendant stole a drill from a store and assaulted a store employee while trying to escape after exiting the store was sufficient to sustain his conviction for unarmed robbery under Mich. Comp. Laws Ann. § 750.530. This offense requires the prosecution to prove that in the course of committing a larceny, Petitioner used force against another person. Based on the testimony presented at trial, a rational trier of fact could find that Petitioner committed each of the essential elements of this crime. Therefore, Petitioner's sufficiency of the evidence claim fails.

## V. CONCLUSION

It is hereby **ORDERED** that the petition for a writ of habeas corpus be DENIED.


Date: August 5, 2010                                   s/John Corbett O'Meara
                                                       United States District Judge


I hereby certify that on August 5, 2010 a copy of this Opinion and Order was served upon counsel of record using the ECF system, and upon Petitioner by first-class mail.

                                                       s/William Barkholz
                                                       Case Manager